Good morning, Your Honors. David Freedman of the United States. May it please the Court. I'd like to reserve two minutes for rebuttal, and I'll do my best to watch the clock. I'd just like to start by noting this is the rare case where the Supreme Court, this Court, and virtually every Court of Appeals all agree. A defendant's fight is admissible as evidence of consciousness of guilt and of guilt itself. And the District Court's decision to the contrary in this case is inconsistent with that long-standing precedent. Well, Mr. Freedman, you cite lots of authority that says that the District Court can admit the evidence. Do you have any authority suggesting that it must under an abusive discretion standard? Well, the sin sees I'd point the Court to that case that actually was a case. It was a government appeal where the District Court granted a motion to eliminate excluding certain evidence, and this Court evaluated that on appeal and determined that under Rule 403 it had to come in. Because ultimately the Rule 403 standard is very permissive. Its exclusion of relevant evidence under Rule 403 is reserved for the rare case where the unfair prejudice substantially outweighs the probative value. And here, if we look at both sides of the balance, we have highly probative evidence and evidence that doesn't pose much of a risk of unfair prejudice. Your standard of review is still abusive discretion. And I think the problem in the sin sees was that there just wasn't a Rule 403 balancing. Here the District Court did that. So I don't see the problem. Well, so I think, first of all, here the District Court did not identify the correct legal standard, which is itself an abusive discretion. The District Court just said the prejudice outweighs the probative value of the evidence. And the test is unfair prejudice. And looking at the District Court's decision, we don't know what the prejudice was, why it was unfair, or, you know, why the District Court thought it was outweighed by the probative value. So we do think this could be a case where this Court applies the NOVA review. But even if it does, again, Rule 403, you know, the District Court's discretion is tethered to the underlying standard. And it needs to be a case where the unfair prejudice substantially outweighs probative value. And here, under the unique facts of the case, we think this is highly probative evidence. And the reason is that the defendants have represented they plan to present a defense, that, you know, they were the people who stole, that took liquor from these BevMo liquor stores, but they had the intent to commit theft, not robbery. One thing that is a little unreal, when I first picked up this case, I thought what the facts were going to be were that, you know, the cops arrived at the BevMo and then chased them there, and that isn't it. It was some period of time after they left it that this chase began. So arguably that creates a factual difference that makes this not quite as clean a case of escape as the prior cases. Well, it was only 24 minutes later. And there's no allegation that something happened in that 24-minute period. They committed some other crime that would have given them another reason to flee. In connection with this motion, do you proffer anything about what happened in the 24 minutes and why the cops were chasing them and how that came about? Well, we anticipate that BevMo employees will testify that the— The question is, is there anything in the record before the district court that addressed that issue? I do believe it was addressed in the motion in Lemonade Briefing, I think at page 83, I believe it was the government's opposition. We expect that BevMo employees will testify that the reason they abandoned the robbery was because they thought police had been called and they were correct. And if you look at kind of the two numbers here, we know it was 24 minutes away and 15 miles. That suggests they had kind of been driving the entire time until the police caught up with them. But, Mr. Friedman, I mean, for purposes of establishing that, you simply have to show that they took off from the store, right? What happens nearly a half hour later, I'm not sure how that adds anything to your theory. Well, our point is, you know, defendants have suggested maybe because there was a break in time, there was some other reason they fled, and that's something this court has considered in cases like Silverman where there was a two-month break. And this court said, well, we don't know why the defendants fled. But here, it's only 24 minutes later. Nothing has happened in the interim. So I do think it's plausible. It's the most likely scenario that they fled because of this attempted robbery, that they had abandoned because they thought the police had been called. How about the theft of the car? The theft of the car. That could be another reason. But, you know, this court has held in Hernandez-Miranda that the mere fact there's other reasons for flight is not a basis to exclude the evidence. It goes to weight, not admissibility. And defendants want to admit the other reasons they've proffered. I think that's certainly their right. And the district court can instruct the jury that, you know, there are innocent reasons for flight that may be unrelated to this offense, but exclusion is not the remedy. But it strikes me that that just adds to the prejudice calculation, doesn't it, if they're put in a situation where they have to offer these other reasons, which are related to other crimes? Well, so first we'd argue that the fact the car was stolen itself is not. . . It is direct evidence of guilt here because it's evidence of preparation. They procured a stolen car to commit this final attempted robbery because after the previous robberies, the car had been traced back to them. It also speaks to the fact that, you know, they're claiming they were just shoplifting. But, you know, if you were going to go shoplift, it would be sort of extreme to go procure a stolen car to make sure the police wouldn't be able to track you. And while there might be some unfair prejudice from the fact this is a separate offense, you know, the question is whether it substantially outweighs the probative value. And looking at the Seventh Circuit decision in Nolan, I think any unfair prejudice is pretty minimal here. You know, the defendants are on trial for a serious robbery offense. It's unlikely the jury would convict them because they used a stolen. . . Is that an element of the crime you're trying to prove, though, that it's not a specific intent crime? They don't have to act with intent that they're committing a robbery. They have to act with intent that they're committing the acts that constitute a robbery. So I agree when you have a Hobbs Act robbery and it's a one-person robbery, you don't have to prove that you acted with, you know, the intent to commit robbery. It just has to be you've obtained property by force or fear. But this is a unique situation because we have three defendants, and the third defendant here, Hardgraves, who's not involved in this appeal, he's the one who's alleged to have used force at all these robberies. Sanford's not alleged to have used any force. Flores, for the most part, has not. And, again, they're arguing they're going to say we just have the intent to commit theft. That's from their papers. It's going to be their defense. And we will have to counter and say, no, you conspired with Hardgraves to commit a robbery, not theft. For the substantive counts, you know, you shared in his intent to use force. So that really does put their intent front and center. And we think this is some of the best evidence we have because this was a very dramatic, it was a desperate, it was a dangerous flight. They fled across a freeway. It was life-threatening. And in our view, for someone like Sanford, if he was just a getaway driver for shoplifting, he wouldn't have risked his life to get away from the police. And that's, you know, we just like to present that argument to the jury. Well, part of the danger, I mean, again, that kind of comes out on both sides of the equation, doesn't it, the fact that it's dangerous. It's dangerous not just to them, but it's dangerous to other drivers on the freeway. It seems like that's just another bit of weight to both sides of the scale, isn't it? So this court considered a very similar argument in Holiday, and I would direct this court to look at that decision. I think it is very, very similar. In Holiday, it was another case with a defendant. The defendant had committed a series of robberies that were caught on tape. He then, the police found him. They caught up to him. He led them on a dramatic high-speed chase. It was actually, I think, more perhaps prejudicial in the way defendants would argue than this one. There were sirens. There was a SWAT team. There were police dogs. And what this court held was that that was not particularly prejudicial. And for that reason, I don't think defendants can make that same argument, because I do think it's foreclosed by Holiday. And I'm getting close to two minutes, so I'm happy to answer any other questions. Otherwise, I'd reserve the rest for rebuttal. Thank you. Thank you, counsel. We'll hear now from Mr. Solis. Did I pronounce that correctly? Yes. Thank you very much, Your Honor. Anthony Solis for the appellees. May it please the Court. I think Your Honor got it exactly right. The issue in this case is whether the evidence should come in. I don't think there's any dispute that this evidence is admissible. Every circuit, every case that both sides have asserted, acknowledge its admissibility. But no case, and this court should not create a case, where the district court loses its gatekeeping function and lets in what it thinks is unfairly prejudicial evidence. Articulate for me the chain of unfair prejudice that was at risk here that was the basis for the ruling. I mean, the Congress has created a right for the government to appeal evidentiary exclusions, and this was done as a formal motion in limine. Now, this isn't an objection in the middle of trial, and we have one sentence of explanation from the district court on this that doesn't tell me what the district court thought was the prejudice. Can you articulate what it is? Thank you, Your Honor. Without trying to read the district court's mind, it was clear from the record that both parties gave a fulsome argument on both sides in briefing, and the district court in this case clearly said that the evidence acknowledged it was admissible and said that under a 403 analysis, it still had a gatekeeping function for the evidence, and under 403, the evidence was unfairly prejudicial. I wish I could... In what way is it unfairly prejudicial? Well, it's... It's prejudicial because it shows they obviously know they did something wrong to risk their lives running across the 14 freeway, but where's the unfair prejudice? What is the jury could conclude what as opposed to their guilty of... Thank you. That's, of course, the issue because merely prejudicial evidence is just what happens in trial every day, but unfairly prejudicial in this particular context, the court was aware that the flight was somewhat spectacular. They're running across the freeway. There's a stolen car. One guy's got a warrant out of Arizona for shooting a guy. So you could have all of these different explanations from three different people as to why they fled, and I think the district court understood clearly that the trial could get bogged down when really the issue is not why all of these people are fleeing and whether or not this guy has a gun and whether this guy shot a guy or a warrant or any of these things. That sometimes becomes or can devolve into a sideshow when in actuality this is a Hobbs Act robbery when we need to determine what was the use, a level of force, whether these people engaged in a violent force or what quantum of force. So the flight issue becomes less and less probative when there are multiple possible explanations as to why they fled. There's a stolen car. There's a stolen plate or a false plate. What's the unfair inference the jury is going to draw from the flight? The unfair inference that the jury would draw is that they fled because they knew they were engaged in a Hobbs Act robbery when in actuality there were multiple other potential explanations that each could have potentially asserted at trial. But that just goes to the weight of permissible inferences. Unfair prejudice is that there's an impermissible inference that is clouding the picture. And that's not what you've articulated. You've articulated competing permissible inferences that both sides can draw from this. Well, it's also you're going to have a situation in trial where one person says he was a passenger and when he got out of the car he fled for one reason but the person who was fleeing in the car and driving was for a different reason. And you also have to understand that this is not flight from the scene of the alleged crime as the Court has pointed out. This is 24 miles away. I'm sorry, 24 minutes away and 15 miles away, not from the scene but avoiding a traffic stop. So there's a lot of things packed in there that all of a sudden becomes unfairly prejudicial when each defendant has to explain or is put on the spot to explain the flight and why it doesn't indicate guilt. The defendant has to react to a permissible inculpatory inference. That's not unfairly prejudicial. That's what trials are for. I agree with that. You can't exclude inculpatory evidence simply because it's going to make life difficult for the defendant. Of course not. That's not how trials work. Of course not. But unfair prejudice isn't the only basis, and I agree. That's the only basis he gave. So he did not say this would be time-consuming, this would be a distraction. He said one sentence, and when the government asked for clarification, he shut them down and wouldn't say another word. The unfairness also derives from the fact that the probative value is low since there's a break in time, and we don't know whether they – the exact reason that they were fleeing. So the less of a connection between the crime and the flight lessens the probative value of it and increases the unfair prejudice. What about the stolen car and then the license plate issue? Because the government tried to bring that up and said, well, at least we get to bring in the fact that the license plate was changed, that that shows that there was planning in terms of what they were going to do and the need to escape. But that was excluded, too. But there wasn't any evidence that the government proffered that this stolen plate or stolen car was procured in anticipation of this particular crime or for some other reason or that it was just incidental or coincidental to the robbery, that someone might have just been driving a car that was stolen. There was no evidence in the record that someone was tasked with go-getting a car in order to commit this crime. That might have advanced their argument, but in the absence of that, it just happens to be a coincidentally stolen car because they didn't develop the record or present any evidence that that was the case. Mr. Solis, the context of the district court's ruling here on the eve of trial and oral order is a little – there's a discussion of an argument as to several motions at once and then the court gives its quite brief ruling on this. Can you point us to your best case for where we should look in the record for the district court's discussion of the unfair prejudice in the whole context of the hearing? Well, I do think in the district court's evaluation of all the motions in limine, you had a lot of discussion of, for example, each defendant's criminal history, some things that were actual convictions, some things that were merely arrests or negative information. So the court was weeding out a lot of information that caused unfair prejudice with regard to Instagram posts. It also talked about evidence of a gun, which it did let in because it felt that that was appropriate evidence. And it was prejudicial, but not unfairly so. So I think that some of the – any of the past crimes that might have been put at issue, the outstanding warrant or anything in the context of its decision. Well, I think it was clear that the court was sensitive to the prejudice issue with regard to each of the motions. I mean, all of the motions really were about the prejudice to the defendants at trial, and that had to do with, of course, the criminal history, the gun, the Instagram posts, the gang moniker, information, and all of it. So I think by the time it was going to evaluate the flight issue, it was still on prejudice, and the court had the background as far as Mr. Flores' crime in Arizona and that he had an outstanding warrant. But again, usually when we talk about unfair prejudice, it's a risk that they're going to draw an impermissible inference. Usually it's character. So they're going to think it's bad character evidence or it makes them look terrible in some way that's not relevant to guilt. I'm having a hard time seeing what that sort of unfair inference that the jury would draw. All I'm hearing is that this would have made the defendants have to respond in ways that would have made life difficult for them. Well, just briefly, the unfair prejudice, as the court saw, the district court excluded evidence of, for example, Flores' arrest for a shooting in Arizona that he was on bail for. If that flight were admitted, Flores would then be in a position to have to tell the jury, no, I didn't flee because I knew that the minutes earlier and miles away I had committed some crime, but instead I was actually on bond for a shooting of some homeless person and that's why I fled and that's unfair. I'm just submitting. Thank you, Your Honor. Thank you, counsel. I will hear rebuttal from Mr. Friedman. Thank you, Your Honors. I'll try to quickly get through three points. The first, just to respond to the assertion this would be a sideshow, this is a case where defendants have made their intent central. If we were talking about Hargraves, for instance, and he's caught on video using Flores, I agree this would be less probative, less important. But defendants, it's not alleged they used Flores, Sanford, for the most part Flores did not, and they're going to say they were just shoplifting. So I think this fight is very important evidence for us. The reason we want to present it is because they have made it an issue. What's your response to his argument that the unfair prejudice is the fact that by putting this in, it will inevitably force them to bring in other evidence that was excluded as unfairly prejudicial and in a way that is recognizably unfairly prejudicial because it kind of goes to character sort of inferences? So I think two things. One is the mere fact that Flores was on bond does not explain why he fled. You don't flee because you're on bond. It's because you have committed a new offense, and in this case it would be the robbery. And that's a point we made in our reply brief, and I don't think defense counsel really addressed that. And with respect to the idea that he was on bond for shooting a person in Arizona, I don't know why he would possibly introduce that. Again, even if for some reason the fact that he was on bond explains why he fled, there would be no reason to omit that detail. At the very least, I think it could be sanitized. And I think just two other points. On abusive discretion, this court typically defers to district courts when you can see they've exercised their discretion. Here, the district court, we don't know what the basis of the decision is. You know, both sides are sort of speculating. All it said was that the prejudice outweighed the probative value. We don't know why it was unfair, what the district court thought. There's nothing really to defer to. And in terms of other reasons, again, this court squarely held in Hernandez-Miranda that the mere fact there's other reasons is not a basis to exclude this type of evidence. And ultimately, we're just asking for a chance to present our case to the jury. We'd like to present our inferences. They can present theirs. Appropriate limiting instructions can be given. But we do think the district court abused its discretion here, and we'd ask this court to reverse. Mr. Friedman, I'll just add, on behalf of new judges, I don't think the fact that a judge is new and lots of other people are new is a reason for us to reverse or to take into consideration. I do apologize. That was not meant to be insulting. You know, I really do apologize if it came across that way. I think our only limited point was this judge may have been his very first criminal trial, may have been the first time that he had dealt with this particular issue, but I apologize on behalf of our office and myself if it came across in that manner. Thank you. Thank you. All right. Thank counsel on both sides for the helpful arguments in this case. And the case of U.S. v. Flores is submitted for decision.
judges: COLLINS, THOMAS, JOHNSTONE